## MALLORY v. UNITED STATES.

### Civil Action No. 1112.

District Court, W. D. Tennessee, W. D.

March 14, 1947.

Lewis R. Donelson, III, and Snowden, Davis, Brown & McCloy, all of Memphis, Tenn., for plaintiff.

Thomas D. Dunlap, Asst. U. S. Atty., and William McClanahan, U. S. Atty., both of Memphis, Tenn., for defendant.

SHELBOURNE, District Judge.

B. Lee Mallory, executor of the estate of William Neely Mallory, filed this action to recover $1,682.40, the aggregate of various amounts paid during the years 1943 and 1944 by two employers of William Neely Mallory as withheld income taxes.

The parties have by written stipulation agreed upon the relevant facts.

### Findings of Fact

1. William Neely Mallory, a resident of Memphis, Tennessee, was killed in Italy February 19, 1945, while a member of the United States Army.

2. As a member of the Army, decedent went over seas in November or December 1942 and remained there until his death except for a short period of a few weeks.

3. During each of the years 1943 and 1944, Memphis Compress and Storage Company paid to Mallory a salary of $4,908. From this amount in 1943, the company withheld and paid to the Collector of Internal Revenue for Tennessee $507.60 and in 1944 withheld and paid to the Collector $794.40. The amounts were withheld under the provisions of Section 466 of the Internal Revenue Code, as added by section 172(a) of the Revenue Act of 1942, and paid in quarterly installments as required by Section 468 of that Act, 26 U.S.C.A. Int.Rev. Acts, pages 267, 270.

4. During the same years and for the same purpose and reasons, W. B. Mallory & Sons withheld and paid in 1943 $215.20 and in 1944 $165.20.

5. No income tax return was filed by decedent for 1943 or for 1944.

6. The executor filed on October 20, 1945, claims for refund. The taxes for 1943 amount to $722.80 and for 1944 $959.60. No action was taken on the claims and this action was filed July 26, 1946.

### Conclusions of Law

1. By Section 1013, Title 50 U.S.C.A. Appendix, William Neely Mallory was not required to file income tax returns or to pay income taxes during the time he was over seas from 1942 until his death.

2. The amount of tax withheld from and paid upon wages is allowed as a credit against the tax imposed upon the recipient of the income. Revenue Act of 1942, § 466(e); Internal Revenue Code § 3661, 26 U.S.C.A. Int.Rev.Code, § 3661; Rosenman v. United States 323 U.S. 658, 65 S.Ct. 536, 89 L.Ed. 535.

3. The amount of income tax which William Neely Mallory should have paid for the years 1943 and 1944 would have been finally defined upon the filing of returns for those years. The time for filing such returns as to Mallory was postponed.

4. Section 421, Internal Revenue Code 57 Stat. 149, Title 26 U.S.C.A. Int.Rev.Code, § 421, is as follows:

"In the case of any individual who dies on or after December 7, 1941, while in active service as a member of the military or naval forces of the United States or of any of the other United Nations and prior to the termination of the present war as proclaimed by the President, the tax imposed by this chapter shall not apply with respect to the taxable year in which falls the date of his death, and the tax under this chapter and under the corresponding title of each prior revenue law for preceding taxable years which *is unpaid* at the date of his death (including interest, additions to the tax, and additional amounts) shall not be assessed, and if assessed the assessment shall be abated, and if collected shall be credited or refunded as an overpayment." (Italics supplied.)

5. Neither the federal tax return nor the federal income tax was due until the 15th day of the third month following the month in which B. Lee Mallory was appointed executor. The tax withheld by the employers and paid to the Collector would have been credited upon any tax found due when the returns were filed. Congress forgave the income tax as to all members of the military and naval forces who died in active service after December 7, 1941.

6. The cancellation of this tax included taxes withheld and paid to the Collector.

7. The Court has jurisdiction of the subject matter and the parties. Title 28 U.S.C.A. § 41(20).